ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| DPH I, LLC; DPH, LLC. Y PR HOMES, LLC.<br>Recurrido<br><br>v.<br><br>ALEXANDER ASTACIO; FULANA DE TAL Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS; ASEGURADORA ABC<br>Peticionario | TA2025AP00545 | *Apelación* acogida como *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Número: BY2025CV00567<br><br>Sobre: Incumplimiento de Contrato; Cobro de Dinero y Daños Contractuales |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno

Rivera Marchand, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 9 de diciembre de 2025.

Comparece ante esta Curia, el Sr. Alexander Astacio Rosario (señor Astacio Rosario o Peticionario) y solicita que revoquemos la *Resolución* que el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario) notificó, el 22 de septiembre de 2025. Mediante el referido dictamen, el TPI se negó a relevar al señor Astacio Rosario de los efectos de la *Sentencia* dictada en rebeldía, el 9 de septiembre de 2025.

Por los fundamentos que exponemos a continuación, denegamos la expedición del auto de *Certiorari.*

**I.**

La causa de epígrafe se originó, el 4 de febrero de 2025, cuando DPH I LLC, DPH LLC y PR Homes, LLC (Demandantes o Recurridos) incoaron la presente reclamación sobre incumplimiento de contrato, cobro de dinero y daños contractuales en contra del

señor Astacio Rosario, de su esposa de nombre desconocido y la sociedad de gananciales compuesta por ambos.[1] Surge de las alegaciones de la *Demanda* que, los Demandantes contrataron al señor Astacio Rosario para la construcción de una piscina en el Lote 61 de Dorado Country Estates, propiedad de DPH LLC, y para ciertas labores de marmoleo en la piscina de la residencia del Lote 45, propiedad de DPH I, LLC. Se colige, además, que para lo correspondiente al Lote 61, los Demandantes entregaron al señor Astacio Rosario un pago inicial de $40,000.00, un segundo pago de $36,800.00 y un pago parcial adicional de $3,200.00 que no procedía desembolsar hasta que la obra estuviese completada. Añadieron que, el señor Astacio Rosario abandonó los trabajos de construcción del Lote 61 para febrero de 2024.

En cuanto al Lote 45, alegaron que el trabajo estaba defectuoso luego de que, el señor Astacio Rosario ignoró las recomendaciones de PR Homes, LLC de reparar una notable grieta, antes de completar el marmoleo. Agregaron que, a pesar del problema estético y del potencial liqueo que lo anterior representaba, el señor Astacio Rosario les requirió el pago de $10,000.00 por el marmoleo.

Surge de la *Demanda* que, hubo entre las partes múltiples comunicaciones y negociaciones para evitar un litigio, entre otras, la firma de un *Acuerdo Extra Judicial de Transacción,* otorgado el 23 de octubre de 2024, mediante el cual, el Peticionario se comprometió a finalizar los trabajos en el Lote 61 y reparar la grieta del Lote 45 a su costo, en o antes del 25 de noviembre de 2024 y para el mes de diciembre de 2024, respectivamente. Los Demandantes adujeron que, ante el incumplimiento del señor Astacio Rosario con lo acordado, solicitaron el reembolso de las cantidades sufragadas por

---

[1] La *Demanda* fue objeto de enmienda, el 12 de junio de 2025.

trabajos no realizados, las cuantías requeridas para que otro contratista los complete y repare lo necesario, entre otros reclamos.

A pesar de que los Demandantes diligenciaron los emplazamientos adecuadamente, los codemandados no acreditaron su alegación responsiva dentro del término correspondiente, vencedero el 22 de agosto de 2025. Por consiguiente y, a solicitud de los Demandantes, el 10 de septiembre de 2025, el foro primario notificó una *Orden* mediante la cual anotó la rebeldía a los codemandados y dio por admitidas las alegaciones de la *Demanda,* a tenor de la Regla 45 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 45.

Separadamente, y en igual fecha, el TPI dictó una *Sentencia* declarando ha lugar a la *Demanda* de epígrafe y ordenando al señor Astacio Rosario el pago de las cuantías allí reclamadas.

En reacción, el señor Astacio Rosario compareció por vez primera ante el TPI mediante una *Moción asumie[ndo] representación legal, para levantar anotación de rebeldía y relevo de sentencia,* presentada el 19 de septiembre de 2025, acompañada de su *Contestación a demanda enmendada y reconvención.* En ella, solicitó al foro primario que dejara sin efecto la rebeldía anotada, que dejara por sometida su alegación responsiva y autorizara un descubrimiento de prueba debido a que la presunta deuda no es líquida, vencida o exigible. El señor Astacio Rosario hizo constar en su solicitud que "[…] la parte demandada salía de Puerto Rico y no pudo obtener representación legal hasta el pasado 15 de septiembre de 2025, cuando contactó a la representación legal que suscribe." Más adelante, el Peticionario expuso en su escrito que nunca ha tenido la intención de ignorar y mucho menos evadir los procedimientos judiciales relacionados al presente caso y presentó sus excusas.

Evaluado lo anterior, el foro primario notificó una *Resolución,* el 22 de septiembre de 2025, mediante la cual admitió la representación legal del señor Astacio Rosario y se negó a dejar sin efecto la anotación de rebeldía y a relevar a dicha parte de los efectos de la sentencia. En particular, sobre la solicitud de relevo de sentencia, el TPI dispuso lo siguiente "[...] no cumple con los criterios y fundamentos de la Regla 49.2 de Procedimiento [C]ivil, sino que se limita a solicitar que se levante la anotación de rebeldía."

En desacuerdo, el 2 de octubre de 2025, el señor Astacio Rosario instó ante el TPI una *Moción de Reconsideración.* En ella, imputó al foro recurrido haber incurrido en un error de derecho al presuntamente dictar una sentencia en rebeldía de forma automática, en ausencia de una solicitud expresa de los Demandantes a esos efectos, y sin previa celebración de una vista para fijar las cuantías no líquidas. Argumentó que, el tiempo que media entre la sentencia y la solicitud de relevo, el grado de perjuicio a la otra parte y si la parte promovente tiene una buena defensa en sus méritos son criterios que el foro primario debió considerar al evaluar si procede dejar sin efecto una sentencia dictada en rebeldía.

Al oponerse al petitorio de reconsideración, los Demandantes destacaron que, el señor Astacio Rosario no expuso hechos nuevos, más bien, reiteró lo señalado en su moción solicitando el relevo de sentencia, sin identificar bajo cuál de los incisos de la Regla 49.2, 32 LPRA Ap. V, R. 49.2, fundamentaba su petitorio. Los Demandantes detallaron que, el señor Astacio Rosario no contestó oportunamente la demanda, no solicitó una prórroga a esos efectos, ni presentó una justa causa para su omisión. Añadieron que, el señor Astacio Rosario compareció por primera vez, luego de que, el foro primario le anotó la rebeldía. Puntualizaron, además, que la Regla 45.3 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R.

45.3, facultan al foro primario a dejar sin efecto una anotación de rebeldía, por causa justificada, lo cual no medió en este caso.

Evaluado lo anterior, el 16 de octubre de 2025, el TPI dictó la *Resolución Interlocutoria* también aquí impugnada, mediante la cual, proveyó no ha lugar al petitorio de reconsideración del señor Astacio Rosario.

Inconforme, el Peticionario acude ante nosotros y le imputa al foro primario la comisión de seis (6) errores, a saber:

> Erró el TPI al dictar Sentencia en rebeldía sin mediar solicitud expresa de la parte demandante, configurando así una actuación *ultra petita* contraria a la Regla 45.1 de Procedimiento Civil.

> Erró el TPI al dictar Sentencia automática en rebeldía sin celebrar vista para la determinación de cuantías no líquidas, violando el debido proceso de ley y la doctrina que exige evidencia probatoria cuando las sumas reclamadas no son líquidas ni determinadas[.]

> Erró el TPI al considerar como sumas líquidas partidas económicas que, por su naturaleza, requerían prueba y adjudicación judicial específica, incluyendo costos de reparación, penalidades contractuales, y alegados daños económicos, adjudicados sin vista ni evidencia.
> Erró el TPI al asumir como admitidas alegaciones meramente conclusorias y no hechos bien alegados, sin evaluar la suficiencia de la causa de acción.

> Erró el TPI al denegar la Moción de Relevo de Sentencia sin análisis ni fundamentos, mediante un escueto "no ha lugar", en contravención a la política judicial que ordena la interpretación liberal de la Regla 49.2 y la resolución de toda duda a favor de que los casos se ventilen en sus méritos.

> Erró el TPI al no reconocer que las defensas afirmativas del demandado ameritaban la reapertura del caso, máxime cuando la moción de relevo fue presentada dentro de pocos días de la sentencia, sin perjuicio sustancial a la parte demandante y con planteamientos meritorios de fondo. (Énfasis suprimido.)

Acogido el recurso que instó el señor Astacio Rosario como una petición de *Certiorari,* -por ser este el recurso apropiado para revisar la denegatoria a una solicitud de relevo de sentencia- y con el beneficio de la *Oposición a Expedición de Certiorari* que presentaron los Recurridos el 1 de diciembre de 2025, resolvemos.

## II.

**A. Expedición de la petición de *certiorari* post sentencia**

Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones, mediante auto de *certiorari. Torres González v. Zaragoza Meléndez,* 211 DPR 821, 847 (2023). El recurso de *certiorari* es un auto procesal extraordinario, por el cual, un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 52.1; *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* supra.

Las Reglas de Procedimiento Civil establecen que, el Tribunal de Apelaciones expedirá el recurso de *certiorari,* cuando el peticionario recurra de una resolución u orden sobre remedios provisionales, *injunctions* o de la denegatoria de mociones dispositivas. *Torres González v. Zaragoza Meléndez,* supra. En ese sentido, el auto de *certiorari* es limitado y excluye aquellas determinaciones interlocutorias que, pueden esperar hasta la determinación final del tribunal para formar parte de un recurso de apelación. *800 Ponce de León v. AIG*, 205 DPR 163 (2020). El delimitar la revisión, a instancias específicas, tiene como propósito evitar la dilación que causaría la revisión judicial de controversias, que, pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp., et al.*, 202 DPR 478 (2019).[2] A tenor de la Regla 11(C) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, cuando la citada Regla 52.1 impida expedir el auto de *certiorari,* procede denegar su expedición.

---

[2] Citando a *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 711 (2019); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 729 (2017).

Ahora bien, la Regla 52.1 de Procedimiento Civil de 2009, *supra*, establece excepciones que permiten la revisión de: (1) decisiones sobre admisibilidad de testigos de hechos o peritos esenciales; (2) asuntos relativos a privilegios evidenciarios; (3) anotaciones de rebeldía; (4) casos de relaciones de familia; (5) asuntos de interés público y (6) situaciones en la cuales esperar a la apelación constituye un fracaso irremediable a la justicia. *800 Ponce de León v. AIG*, supra.

Como puede observarse, la regla citada no contempla los **dictámenes posteriores a la sentencia**, por lo que, al determinar si procede la expedición de una petición de *certiorari*, el Tribunal de Apelaciones viene obligado a acudir a lo dispuesto en la Regla 40 de nuestro Reglamento, *supra*; *BPPR v. SLG Gómez-López,* 213 DPR 314 (2023).

De imponerse las limitaciones de la Regla 52.1, *supra*, a la revisión de dictámenes post sentencia, tales determinaciones inevitablemente quedarían sin posibilidad alguna de revisión apelativa. *BPPR v. SLG Gómez-López,* supra. En tal sentido, es preciso enfatizar que, si bien el auto de *certiorari* es un mecanismo procesal discrecional, dicha prerrogativa del foro revisor no debe hacer abstracción del resto del derecho. *Mun. de Caguas v. JRO Construction*, supra.

Cabe destacar que, el examen que hace este Tribunal, previo a expedir un auto de *certiorari*, no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra.* Véase, además, *Mun. de Caguas v. JRO Construction*, supra. A fin de que, este Tribunal pueda ejercer su discreción de manera prudente, la Regla 40 del Reglamento de Apelaciones, *supra*, establece los criterios que deberán ser considerados, al determinar si procede o

no expedir un auto de *certiorari*.[3] Los referidos criterios establecidos en la citada Regla 40 son los siguientes:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Como ya indicamos, los principios antes transcritos, nos sirven de guía para poder determinar si procede o no intervenir en el caso, en la etapa del procedimiento en que este se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De esta manera, el foro apelativo deberá ejercer su facultad revisora, solamente en aquellos casos en que se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *BPPR v. SLG Gómez-López,* supra.

### B. Relevo de Sentencia

Los tribunales pueden discrecionalmente relevar a una parte de los efectos de una sentencia, orden o procedimientos por las razones definidas en la Regla 49.2 de las Reglas de Procedimiento Civil, *supra*; *Pérez Ríos et al. v. CPE,* 213 DPR 203 (2023). Las razones que provee la referida Regla son las siguientes: (a) error, inadvertencia, sorpresa o negligencia excusable; (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio; (c) fraude extrínseco o intrínseco, falsa representación u otra conducta

---

[3] Véase, *Mun. de Caguas v. JRO Construction, supra,* pág. 712.

impropia de la parte adversa; (d) nulidad de sentencia; (e) la sentencia fue satisfecha o renunciada; la sentencia anterior en la cual se fundaba fue revocada o dejada sin efecto; no sería equitativo que la sentencia continúe en vigor; y (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia. Regla 49.2 de las Reglas de Procedimiento Civil, *supra.*

El objetivo de la Regla 49.2, *supra,* es proveer un mecanismo post sentencia que impida que los fines de la justicia se vean frustrados mediante tecnicismos y sofisticaciones. *Pérez Ríos et al. v. CPE,* supra. De ordinario, la determinación de relevar a una parte de los efectos de una sentencia depende de la discreción del foro sentenciador, salvo cuando se trate de un dictamen nulo -por haberse dictado sin jurisdicción o en violación al debido proceso de ley- o cuando la sentencia ha sido satisfecha. *Íd.*

Como se sabe, la persona que se ampara en la Regla 49.2 de las Reglas de Procedimiento Civil, *supra,* debe aducir al menos de una de las razones antes enumeradas. *HRS Erase v. CMT,* 205 DPR 689, 697 (2020). Asimismo, la existencia de una buena defensa, más algunas de las razones antes mencionadas, deben inclinar la balanza a favor de conceder el relevo. *García Colón et al. v. Sucn. González,* 178 DPR 527, 540-541 (2010). No obstante, el relevo no se puede conceder si le ocasiona perjuicio a la parte contraria o si se alegan cuestiones sustantivas que debieron ser formuladas mediante solicitud de reconsideración a una apelación. *Íd.,* pág. 541. Tampoco procede el relevo de sentencia a favor de un promovente que no haya sido diligente en la tramitación del caso. *Neptune Packaging Corp. v. Wackenhut Corp.,* 120 DPR 283, 292 (1988).

Respecto al término en el cual se debe presentar una moción de relevo, el texto de la Regla 49.2, *supra,* es categórico en cuanto a que la moción de relevo debe presentarse dentro de un término razonable "pero en ningún caso después de transcurridos seis (6)

meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento." Ahora bien, el Tribunal Supremo aclaró que, el referido plazo es inoperante ante una sentencia nula. *Pérez Ríos et al. v. CPE,* supra. Cabe señalar que, una moción de relevo de sentencia no puede ser sustitutiva de los recursos de revisión o reconsideración. *Piazza Vélez v. Isla del Río, Inc.*, 158 DPR 440, 449 (2003).

**III.**

Tras una evaluación sosegada de la petición de *Certiorari*, de su correspondiente oposición y de los documentos que obran en el expediente, determinamos no expedir el auto solicitado.

No identificamos un factor determinante que nos obligue a ejercer nuestra discreción a los fines de revertir los dictámenes impugnados. Tampoco surge del expediente que, en el ejercicio de sus facultades, el TPI actuó de forma arbitraria, caprichosa, abusó de su discreción o cometió algún error de derecho al anotar la rebeldía al Peticionario mediante una *Sentencia,* notificada el 10 de septiembre de 2025. Lo antes, tras vencer el término para contestar la demanda, el 22 de agosto de 2025, sin que el Peticionario acreditara su alegación responsiva, ni solicitara una prórroga a esos efectos. Tal cual se desprende del tracto procesal, los Recurridos contrataron al Peticionario para realizar unos trabajos de construcción en dos piscinas. Ante los incumplimientos del Peticionario con lo acordado, y luego de múltiples intentos de negociación dirigidos a evitar acudir a los foros judiciales, las partes otorgaron un acuerdo transaccional extrajudicial que el Peticionario no acató. En su consecuencia, los Recurridos incoaron la presente causa de acción y diligenciaron los emplazamientos de rigor los cuales no fueron impugnados por el Peticionario.

A esos efectos, el Peticionario reconoció haber sido emplazado personalmente, el 21 de julio de 2025. Es luego de que el TPI anotó

su rebeldía que el Peticionario compareció -por primera vez- ante el foro primario y solicitó ser relevado de la rebeldía anotada, sin propiamente demostrar una justa causa para no comparecer dentro de los términos autorizados.

El Peticionario tampoco nos ha puesto en posición de dictaminar que el TPI actuó de forma arbitraria, caprichosa, abusó de su discreción o cometió algún error de derecho al denegar la solicitud de relevo de sentencia, y la subsiguiente solicitud de reconsideración. Por consiguiente, lo razonable es abstenernos de ejercer nuestra función revisora sobre esta causa.

Al amparo de los criterios que dispone la Regla 40 de nuestro Reglamento, *supra,* tampoco hallamos fundamento alguno que amerite la expedición del auto de *Certiorari.*

**IV.**

Por los fundamentos expuestos, denegamos la expedición del auto de *Certiorari* según presentado.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones